# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 20, 1910.

## McGEOCH
## VS.
## LONGLEY ET AL.

*A. J. Carr* for plaintiff.
*William A. Wheatley* for defendant.

NILES, J.—

There are two questions now presented:

First. Ought a perpetual injunction to issue against the defendants?

Second. Have the defendants been guilty of contempt of court in violating the terms of the preliminary injunction outstanding?

The injunction sought, and the preliminary injunction actually granted, is to enjoin and prohibit the defendants, "and each of them, their servants and agents, from throwing, or casting, any stone, boulder, or rock, upon the portions of the property of Rognel Heights, which the complainants and others similarly situated, are entitled to use and occupy, as a result of blasting and explosions, and from in any manner menacing, or endangering, the safety of the complainants, and of all other persons residing in said Heights, and from so carrying on quarrying operations as to interfere with the free use and passage of the complainants, and all other persons, on said Heights of the avenues and roads leading through Rognel Heights."

It may be taken as evident, that there is no act sought here to be enjoined, which is not a tortious one, and the only question is as to whether the defendants, before the filing of the amended bill, to wit. on the 11th June, 1909, had been guilty of these acts with such frequency as to justify the use of this particular process against them.

The answer must be in the affirmative, if the court is to be governed by the testimony of Frederick Murk (pp. 6, 7, 10 and 12), Wm. T. Pfeiffer (p. 23), Henry M. McGeoch (p. 62), August B. Eidman (p. 93), Eugene J. Kraft (p. 106), Mrs. H. M. McGeoch (p. 113), Peter F. Monaghan (p. 10), Maurice R. Espey (pp. 159, 161, 163), Benjamin F. Swanson (p. 187) and W. W. Pfeiffer (p. 190).

I see no reason for discrediting the testimony of these witnesses, and will, therefore, grant the injunction as prayed.

Second. If, after June 11th, 1909, the defendants committed any of the acts enjoined, they are guilty of contempt of court, and the testimony of William T. Pfeiffer (pp. 25, 26 and 55), Mrs. McGeoch (p. 118), Robert Robin-

son (p. 119), Mrs. Bihy (pp. 129 and 131), and Jacob Christian (p. 168), who are all, in my judgment, perfectly worthy of belief, compels me to the conclusion that the acts enjoined have been committed, and that the defendants are in contempt of court.

It is impossible for me to believe that Mr. Longley deliberately violated the terms of the injunction, or that he deliberately caused stones to be cast upon the land of his neighbors, or deliberately conducted his blasting in such a way as to give them just cause for complaint.

I must assume (and many portions of his evidence seem to bear out this assumption), that because no person was either killed or injured, that because ordinarily the stones blasted out by him fell upon his own land, that because certain colored tenants were willing to occupy houses upon the quarry property and made no complaint, and because he took what he deemed the proper precautions, Mr. Longley thought that the complaints of his neighbors were unfounded, and the result of either excessive timidity, or an unwillingness to be subjected to the ordinary slight inconveniences with which one must put up in any community.

As I had previously held, I think that he is altogether wrong in this. At the invitation of one of the parties, and with the consent of the others, I have examined the property, and find that, assuming that the stones fell where the witnesses said they did, there is plainly shown negligence and a disregard for the rights of the complainants.

The fact that colored tenants, whose houses, though nearer, are apparently in a more sheltered position, make no complaint, or the fact that the ordinary blasting does not throw the stones on complainants' property, does not at all detract from the wrong done by the defendants in ever causing stones to be thrown as far away from the quarry as the witnesses locate them.

Indeed, there can no legal excuse be given for such results, as testified to by the witnesses above cited ever happening. At the same time, I do not feel that an extraordinary severe penalty should be imposed for the disregard of the injunction and, before deciding exactly what the penalty should be, I

will be glad to hear a brief statement from counsel as to what they think proper.

(Note: A petition has been filed praying for a revocation of the decree and for a rehearing, on the ground of subsequent discovered testimony, and an order passed for the plaintiff to show cause by July 5th why the decree should not be revoked and a rehearing granted.)